IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AARON MICHAEL HEINEMAN, an individual, and ROES I-X,<br><br>Plaintiffs,<br><br>vs.<br><br>RICK SALISBURY, an individual, STRAP TANK BREWING COMPANY, an organization, SIDECAR CAFÉ, an organization, and ROES I-X,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:18-cv-821<br>Judge Dee Benson |

This matter is before the court on Defendant Strap Tank Brewing Company's ("Defendant") motion to dismiss the second count of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the basis Plaintiff cannot state a claim under the Utah Antidiscrimination Act ("UADA") upon which relief can be granted. (Dkt. 11.) The motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings.

1

Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

Plaintiff's Complaint alleges that Strap Tank Brewing Company refused to hire him because of his disability and sets forth two separate causes of action, one under the Americans with Disabilities Act ("ADA") and the other under the UADA.

In the motion now before the court, Defendant claims that the second cause of action must be dismissed because the UADA does not provide a private right of action. (Dkt. 11 at 1.) Plaintiff's response in opposition did not directly address Defendant's argument, but instead explained: "The reason that Plaintiff was forced to seek relief in this Court is due to the very important fact that it is unclear whether or not the activity alleged by Plaintiff violates the Utah Anti-Discrimination Act under the plain language of the Utah statute or Utah Case Law." (Dkt. 24 at 6.) Accordingly, Plaintiff argued, it would be premature to dismiss the UADA claim at this time, and the Court should allow Plaintiff to submit a motion to certify questions to the Utah Supreme Court in order to "assist [this] Court in the fact finding process." (Dkt. 24 at 7.)

Approximately one month later, Plaintiff filed a Motion to Certify Questions to the Utah Supreme Court Pursuant to Utah Rule of Appellate Procedure 41. (Dkt. 28.) In that motion, Plaintiff argues that certification is necessary in order "to determine whether or not Utah state law was violated to assist in the Court's analysis of whether or not Federal law was violated in the instant matter." (*Id.* at 9.) Plaintiff then lists 6 questions to be certified, including:

1. Are employers in Utah required to accommodate people with disabilities during the course of a job interview?

2. Are employers in Utah required to accommodate deaf individuals during the course of a job interview?

3. Are employers in Utah required to provide a certified American Sign Language interpreter to accommodate deaf individuals during the course of a job interview?

4. Are employers in Utah permitted to accommodate deaf individuals during the course of job interviews in any other way than a certified American Sign Language interpreter?

5. What is the definition of reasonable accommodation under the Utah Anti-Discrimination Act in regard to accommodating deaf individuals during the course of a job interview?

6. Should the statutory language in the Utah Anti-Discrimination Act reflect federal anti-discrimination law in its scope of enforcement?

(Dkt. 28 at 12.)

Having reviewed the submissions of the parties and the relevant law, and for the reasons stated below, the Court grants Defendant's motion to dismiss Plaintiff's UADA claim. And, having determined that Plaintiff's UADA claim should be dismissed, the court finds that Plaintiff's motion to certify questions related to the UADA is moot.

## **DISCUSSION**

The UADA sets forth specific procedural requirements that a complainant must satisfy prior to challenging an employer action in court. The UADA provides that a person who claims to be aggrieved under the statute may "make, sign, and file with the division a request for agency action." Utah Code Ann. § 34A-5-107(1)(a). The agency must then offer mediation services to the claimant. § 34A-5-107(3). If mediation is unsuccessful, the agency must then "assign an investigator" and "make a prompt impartial investigation of all allegations made in the request for agency action." § 34A-5-107(4)-(5). This finding may be appealed to the Division of

Adjudication and subsequently the commissioner or Appeals Board. § 34A-5-107(8)-(11). Only after the claimant exhausts these administrative remedies is he permitted to seek judicial review of the final agency action. § 34A-5-107(12); § 63G-4-403. *See McNeil v. Kennecott Utah Copper Corp.*, 2009 WL 2554726 (D. Utah Aug. 18, 2009) aff'd sub nom. *McNeil v. Kennecott Holdings*, 381 Fed. Appx. 791 (10th Cir. 2010) ("A plaintiff may pursue his or her claims under the UADA only through state administrative procedures."); *Buckner v. Kennard*, 99 P.3d 842, 852 (providing the exclusive remedy for an employee claiming a violation of the statute is an appeal to the state Division of Antidiscrimination and Labor).

Plaintiff in this case has not alleged any facts to show that he has exhausted his administrative remedies under the UADA. Plaintiff alleged that he filed a charge of discrimination with the EEOC in Arizona (Dkt. 2, ¶¶ 15-17, Ex. 1), but Plaintiff has not alleged that he ever filed a request for agency action with the Utah agency, nor has he alleged that he participated in any agency proceedings in Utah.[1] Furthermore, Plaintiff is prohibited from doing so now, as the UADA specifically provides that "[t]he commencement of an action under federal law for relief based upon an act prohibited by this chapter bars the commencement or continuation of an adjudicative proceeding before the commission in connection with the same claim under this chapter." Utah Code Ann. § 34A-5-107(16).

## **CONCLUSION**

Because Plaintiff's Complaint fails to state a claim for relief based on the UADA, Defendant's motion to dismiss Plaintiff's UADA claim (Dkt. 11) is GRANTED.

---

[1] In fact, Plaintiff states that he filed "the complaint with the EEOC in lieu of Utah Anti-Discrimination and Labor Division (UALD)." (Compl., Ex. 1.)

Having dismissed Plaintiff's UADA claim, Plaintiff's motion to certify questions related to the UADA to the Utah Supreme Court (Dkt. 28) is MOOT and therefore DISMISSED.

Dated this 8th day of February, 2019.

_____
Dee Benson
United States District Judge